**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ELROY DORSEY,
*Defendant-Appellant.*

No. 01-4460

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ANDRE CALVIN BLAKE,
*Defendant-Appellant.*

No. 01-4492

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DONNELL RICHARD NELSON, a/k/a D,
*Defendant-Appellant.*

No. 01-4616

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-00-290-AW)

Argued: May 6, 2002

Decided: October 21, 2002

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** George Zacharias Petros, Camp Springs, Maryland, for Appellants. Mythili Raman, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Jensen E. Barber, LAW OFFICE OF JENSEN E. BARBER, P.C., Washington, D.C., for Appellant Nelson; Joseph R. Conte, BOND, CONTE & NORMAN, P.C., Washington, D.C., for Appellant Dorsey.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellants Elroy Dorsey, Andre Blake, and Donnell Nelson were convicted of conspiracy to distribute cocaine. Each of the appellants challenges his conviction, and Blake challenges his 151 month sentence. Finding their contentions to be without merit, we affirm.

I.

The indictment charged that Dorsey, Blake, and Nelson conspired with eight other named defendants and with "others known and unknown to the Grand Jury" to distribute and to possess with intent to distribute cocaine and cocaine base. The jury convicted the appellants on this conspiracy charge, but the appellants contend that a variance occurred between the allegations in the indictment and the proof at trial. Specifically, they maintain that Blake did not join the single drug conspiracy described in the indictment, but rather participated in a separate drug conspiracy unrelated to the charged conspiracy.

At trial, Blake took the stand in his own defense and, although Blake admitted that he sold drugs to Stephen Langley, one of the co-conspirators named in the indictment, J.A. at 1132, 1136-39, 1140-41, Blake volunteered his additional drug activities with James Treem and Troy Adams, individuals not named in the indictment, in an effort to characterize his involvement in the drug trade as unrelated to the organization described in the indictment. J.A. 1101-02. Relying on Blake's testimony, each of the appellants asked the district court to instruct the jury as follows:

> You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether Andre Blake was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find the defendant Andre Blake was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

J.A. 188. The district court refused to give this proposed instruction on the grounds that the evidence at trial failed to show that Blake was only involved in a separate conspiracy unrelated to the overall conspiracy charged in the indictment. J.A. 1180.

We agree with the district court that the proposed jury instruction would have been improper. A defendant does not become entitled to a multiple conspiracy instruction by volunteering at trial his involvement in additional criminal conspiracies that may not have been charged or described in the indictment. Rather, the evidence at trial must show that the defendant seeking the multiple conspiracy instruction participated *only* in "separate conspiracies unrelated to the overall conspiracy charged in the indictment." *United States* v. *Kennedy*, 32 F.3d 876, 884 (4th Cir. 1994). No multiple conspiracy instruction was appropriate here because there was ample evidence at trial that Blake *was* a conspirator in the organization described in the indictment, even if we accept his characterization of his activities with Treem and Adams as outside the scope of the charged conspiracy. Blake himself admitted that he repeatedly sold cocaine to Langley, J.A. 1131, that he knew the cocaine was not for Langley's personal use, J.A. 1147,

and that he knew Langley was reselling the drugs to other people, J.A. 1169. Other testimony, including intercepted conversations, demonstrated Blake's role as a regular supplier to Langley of powder cocaine, which would then be converted into crack cocaine and distributed by the other members of the conspiracy.

For these reasons, we conclude the district court properly refused to give a multiple conspiracy instruction, and we further reject Blake's additional argument that the evidence at trial was insufficient to support his conviction on the single conspiracy charge.

## II.

Nelson raises another challenge to the district court's jury instructions, claiming that the district court erred by failing to give his proposed "theory of defense" instruction, which read as follows:

> I specifically instruct you that you may not infer that Donnell Nelson is guilty of participating in criminal conduct merely from the fact that he associated with other people who may be guilty of wrongdoing. As a matter of law, mere association with conspirators or those involved in a criminal enterprise is insufficient to prove Mr. Nelson's participation or membership in a conspiracy. The fact that Mr. Nelson lived with Mr. Langley alone is not sufficient evidence for you to find him guilty of any wrongdoing. Mr. Nelson may not be found guilty merely because he was present at various times during which criminal acts may have been undertaken.

J.A. 186. Nelson's proposed instruction is a correct statement of the law, but redundant in light of the district court's charge to the jury, which included the following statement:

> I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not by itself make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy by itself does not automatically make the defendant a member.

> A person may know or be friendly with a criminal without being a criminal himself.

J.A. 1242. The law of our circuit does not require the information overload that Nelson seeks, *see United States* v. *Heater*, 63 F.3d 311, 326 (4th Cir. 1995) ("We will not reverse a conviction based on improper jury instructions as long as the instructions given by the district court, as a whole, included the substance of the defendant's requested conspiracy charge."), and we decline to reverse his conviction on these grounds.

### III.

Turning to Blake's challenge to his 151 month sentence, Blake first contends that the district court's finding that he was responsible for at least 3.5 kilograms of powder cocaine is unsupported by the evidence presented at trial. Blake characterizes the district court's finding as a violation of his right to a jury trial under *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000), but the argument is frivolous; neither *Apprendi* nor its progeny are implicated in this case. Blake was convicted of violating 21 U.S.C. § 846 by conspiring to distribute a controlled substance, and the jury found, beyond a reasonable doubt, that Blake conspired to distribute more than 500 grams but less than 5 kilograms of powder cocaine. J.A. 1262. The conviction and findings authorized a sentence of not more than 40 years' (480 months) imprisonment, *see* 21 U.S.C. § 841(b)(1)(B), but the district court sentenced Blake to 151 months — less than the 480 month maximum. Nothing that influenced the district court's decision to impose this sentence can be deemed a fact that increased Blake's sentence beyond the statutory maximum. So long as the sentence imposed does not exceed the maximum punishment authorized by the jury's verdict, *Apprendi* is inapplicable.

In sentencing Blake, the district court found that Blake was accountable for at least 3.5 kilograms but less than 5 kilograms of powder cocaine and assigned a base offense level of 30 pursuant to U.S.S.G. § 2D1.1(c)(5). At trial, Blake was willing to admit that he had involvement and knowledge of up to 850 grams of powder cocaine, and uses that concession as the basis for his claim that the district court's attribution to him of an amount exceeding 850 grams

was clearly erroneous. Blake's testimony was not the only evidence admitted at trial, however. Langley testified that Blake sold him two kilograms of cocaine and that he bought cocaine directly from Blake on several other occasions, J.A. 768-81, and plastic wrappers found in Blake's house were capable of holding at least 3 kilograms of cocaine. The evidence at trial detailing the size and scope of this conspiracy further supports the district court's finding of drug quantity. We cannot conclude that the district court clearly erred.

IV.

Blake also argues that the district court erred by imposing an obstruction of justice enhancement without "specifically identify-[ing]" the supposedly perjurious statements made by Blake, contrary to *United States* v. *Akinkoye*, 185 F.3d 192, 205 (4th Cir. 1999). In imposing the obstruction enhancement, the district court explained that Blake "basically attempted to convince the fact finders, the jury in this case, that he just wasn't part and parcel of this thing, that he may have made a mistake on one incident, but he didn't know anything." The court concluded that this simply "wasn't truthful testimony." J.A. 1375. While the district court could have identified the statements to which it referred more specifically, it is obvious to which statements the court was referring when it made the obstruction enhancement. *See*, *e.g.*, J.A. 1109 ("Q: Did you know *anything at all* about Steve Langley and Donald Campbell and what they would do or not do with cocaine? A: *No, sir*. Q: Did you know *anything at all* about any of the names that you've heard throughout this trial with Mr. Langley and those others and what they might do or not do with cocaine? A: *No, sir*.") (emphasis added). Accordingly, we find no reversible error in the district court's obstruction enhancement.

The appellants' remaining arguments do not require discussion. The judgment of the district court is affirmed.

*AFFIRMED*